IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO JIMENEZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 18-cv-03320 |
| v. | ) | |
| | ) | |
| NATIONWIDE CREDIT | ) | |
| & COLLECITON, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Antonio Jimenez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Defendant's failure to report to a credit reporting agency that the debt is disputed creates a "real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates, LLC*, No. 17-1773, 2018 WL 2035315, at *4 (7th Cir. May 2, 2018) (*citing Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July 6, 2017).

## PARTIES

5. Plaintiff, Antonio Jimenez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Loyola University Health System consumer medical account ending 2304. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Nationwide Credit & Collection, Inc. ("Nationwide"), is an Illinois corporation that does or transacts business in Illinois. Its registered agent is Robert B Talan, located at 223 West Jackson Boulevard, Suite 512, Chicago, Illinois 60606. (Exhibit A, Record from Illinois Secretary of State).

7. Nationwide holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

8. Nationwide regularly collects or attempts to collect debts defaulted debts owed or due another and is thus a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

9. According to Defendant, Plaintiff incurred an alleged debt for medical treatment or services originally for a Loyola University Health System consumer medical account ending 2304 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

11. The alleged debt was subsequently placed with Nationwide for collection.

12. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on April 10, 2018, sent a letter to Nationwide indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

13. Nationwide received Plaintiff's dispute on April 10, 2018.

14. Plaintiff's letter stated, in part, that the amount reported is not accurate.

15. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, No. 17-1773, 2018 WL 2035315, at *5. "There is simply no other way to interpret this language." *Id.*

16. After making the dispute, Plaintiff obtained his Experian credit report.

17. On May 1, 2018, Nationwide communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Redacted Excerpt from Plaintiff's Experian Report).

18. Nationwide failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

19. Nationwide had been notified 21-days prior of Plaintiff's dispute.

20. Twenty-one days is sufficient time for a debt collector to update its records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter).

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

22. Nationwide failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. Nationwide materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

25. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

26. Plaintiff experienced negative emotions about Nationwide's false communications, including annoyance, aggravation, and other garden variety emotional distress.

27. Nationwide's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

29. Nationwide failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com